IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| S. GREGORY HAYS, Receiver for Mobile Billboards of America, Inc., et al., <br><br> Plaintiff, <br><br> vs. <br><br> DAVID E. ADAM, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION FILE NO. <br> 1:05 CV 2705-CAP |

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE EXISTS NO GENUINE ISSUE TO BE TRIED

Pursuant to Rule 56.1 of the Local Court Rules for the United States District Court for the Northern District of Georgia, Plaintiff S. Gregory Hays submits this Statement Of Material Facts As To Which There Exists No Genuine Issue To Be Tried in support of his Motion For Partial Summary Judgment.

1.

This case arises from an offering in which Mobile Billboards of America, Inc. ("MBA") and other related entities in the Receivership (the "Receivership entities") employed a network of sales agents to sell more than $60 million in mobile billboard investments to investors from 2001 through 2004. (Affidavit of

S. Gregory Hays at ¶ 1, Complaint in <u>SEC v. MBA, et.al.</u>, Civil Action File No. 1:04-CV-2763-WBH.)

2.

As a part of the offering, investors purchased a billboard "unit" for $20,000 and simultaneously leased the billboards back to Outdoor Media Industries ("Outdoor Media") for a seven-year term. (Hays Aff. at ¶ 5.)

3.

Outdoor Media was affiliated with MBA and owned and operated by the MBA principals. (<u>Id.</u> ¶ 6.)

4.

Investors were assured that Outdoor Media would arrange for placement of the billboard on a truck, arrange for advertising and make monthly lease payments to investors that provided a return of approximately 13.49% per year. (<u>Id.</u> ¶5.)

5.

As a part of the billboard purchase, MBA agreed to repurchase the billboard at the end of the seven-year lease term for the full purchase price. (<u>Id.</u>.)

6.

Investors were also promised that MBA had established a trust, the Reserve Guaranty Trust ("RGT"), to assure that money would be available to fund MBA's

repurchase obligation and that a portion of the purchase money paid by the investor was being deposited into RGT for this purpose. (Id. ¶7.)

7.

In consideration for the portion of the payment made to RGT, the investors were issued a "Trust Secured Certificate" which entitled the investors to an undivided beneficial interest in the assets of RGT with a liquidation amount of up to $20,000 times the number of billboards purchased. (Id.)

8.

While RGT was touted as being independent, it was affiliated with MBA and also controlled by the officers of MBA. (Id.¶¶ 11, 12.)

9.

Outdoor Media's mobile billboard business did not generate sufficient revenues to make the monthly lease payments to the investors, but instead relied on new MBA investors' purchase monies to make the promised payments to earlier investors. (Id. ¶ 11.)

10.

Using monies paid by recent investors, MBA transferred money to Outdoor Media to fund the limited number of lease payments that were actually paid to investors. (Id.)

11.

Moreover, monies were not deposited into RGT nor was RGT managed in accordance with the representations made to investors such that RGT was not able to fund MBA's repurchase obligation. (Id.)

12.

Defendants in this case were all sales agents that sold mobile billboard investments.

13.

The sales agents, including the Defendants in this matter, were members of organizations put together by "master sales agents." (Id. ¶¶ 8, 15.)

14.

MBA typically paid a 27% commission per billboard sale to one of the master sales agents, who in turn made a commission payment to the individual sales agent in his organization that actually sold the billboard. (Id. ¶ 8.)

15.

The master sales agents also offered bonuses to their agents for reaching certain sales objectives. (Id. ¶ 15.)

16.

The Defendant sales agents received sales commissions and/or bonuses for their participation in selling mobile billboard investments. (Id.)

17.

The investments in the MBA billboard scheme that were sold by the sales agents were never registered as securities with the SEC or any state.  (Id. ¶ 17.)

18.

The sales agents, including Defendants, received more than $19 million in commission payments.  (Id. ¶ 15.)

19.

MBA and the sales agents used various means of communication in interstate commerce to facilitate and, ultimately, consummate the MBA sales.  For example, MBA used the U.S. mail to deliver the Offering Circulars and other sales materials from its offices in Missouri to the sales agents, who were located in various states.  Sales agents also used the telephone and e-mail. (Id. ¶ 16.)

This 27th day of November, 2006.

TROUTMAN SANDERS LLP

By: /s/ Merle R. Arnold III
J. DAVID DANTZLER, JR.
Georgia Bar No. 205125
Suite 5200, Bank of America Plaza     david.dantzler@troutmansanders.com
600 Peachtree Street, N.E.
Atlanta, Georgia 30308                MERLE R. ARNOLD, III
Phone:     404.885.3000               Georgia Bar No. 023503
Facsimile:  404.885.3900              merle.arnold@troutmansanders.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

  I hereby certify that on November 27th, 2006, I electronically filed the foregoing Document with the Clerk of this Court using the CM/ECF system, which will automatically send email notification of such filing to all parties who are CM/ECF participants and served the defendants appearing pro-se by depositing a copy in the United States mail with adequate postage thereon and addressed as follows:

**Matt Bondurant**
1742 South Scales Street
Reidsville, NC 27320

**Jay Castro**
74-478 Highway 111, #242
Palm Desert, CA 92260

**Bruce F. Ruark**
c/o Alpha Financial
5902 Charles Schreiner Trail
Austin, TX  78749

**Bryan Shepley**
PO Box 93
Reidsville, NC 27323

**Kenneth D. Whitt**
PO Box 93
Reidsville, NC 27323

             */s/ Merle R. Arnold III*
             Merle R. Arnold III
             Georgia Bar No. 023503
             merle.arnold@*troutmansanders.com*

TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
Telephone:  (404) 885-3000
Telecopy:    (404) 885-3995

## Certification of Counsel

I hereby certify that this document is submitted in Times New Roman 14 point type as required by N.D. Ga. Local Rule 5.1(b).

*/s/ Merle R. Arnold III*
Merle R. Arnold III
Georgia Bar No. 023503
merle.arnold@*troutmansanders.com*
